**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Harbin Weixiang Toys Co., Ltd. d/b/a WeiXiang store,

Plaintiff,

v.

Waters Industries, Inc.,

Defendant.

**Case No. 1:26-cv-12052**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Harbin Weixiang Toys Co., Ltd. d/b/a WeiXiang store ("Plaintiff"), brings this action under the Declaratory Judgment Act against Defendant Waters Industries, Inc. ("Waters") for a declaration that Plaintiff's lighted hats defined below (the "Lighted Hats") do not infringe U.S. Patent No. 11,478,035 (the "'035 Patent") and that the '035 Patent is invalid. Plaintiff alleges as follows, on personal knowledge as to itself and its own acts and on information and belief as to all other matters:

## INTRODUCTION

1. On or about September 11, 2026, Amazon.com ("Amazon") notified Plaintiff that it had removed Plaintiff's Lighted Hats listing on a report that the listing infringes the '035 Patent, and that Plaintiff needs a court order stating that it is allowed to sell the products to reactivate the listing. Waters made that report under its "Panther Vision" name. The report is incorrect. The Lighted Hats do not meet every limitation of any claim of the '035 Patent, and claims 1 through 6 of the

’035 Patent are invalid under 35 U.S.C. § 103. The report has caused Plaintiff lost sales and loss of goodwill, and the harm continues.

## NATURE OF THE ACTION

2. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Act, 35 U.S.C. § 1 *et seq*. Plaintiff seeks a declaration that the Lighted Hats do not infringe the ’035 Patent and a declaration that claims 1 through 6 of the ’035 Patent are invalid.

3. Waters’ enforcement of the ’035 Patent has removed the Lighted Hats from Amazon and continues to harm Plaintiff.

## PARTIES

4. Plaintiff is a company organized under the laws of the People’s Republic of China with its business address at Room 1303, 13/F, Changqing International Financial Center, No. 172 Zhonglu, Heping Road Subdistrict, Xiangfang District, Harbin, Heilongjiang, China. Plaintiff sells the Lighted Hats on Amazon under the storefront name WeiXiang store.

5. Upon information and belief, Waters is an Illinois corporation with its principal place of business at 213 West Main Street, West Dundee, Illinois 60118, and owns the ’035 Patent by assignment. Exhibit C.

6. On information and belief, Waters markets its products under the name “Panther Vision,” a division of Waters, including through the website https://panthervision.com/, and submitted the Amazon report described below under the rights-owner name “PANTHER VISION.”

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because this action arises under the Patent Act.

8. An actual controversy exists between the parties. Waters has asserted the '035 Patent against the Lighted Hats through its report to Amazon, Amazon has removed the listing, and the harm to Plaintiff continues. That controversy is justiciable under 28 U.S.C. § 2201.

9. This Court has general personal jurisdiction over Waters, an Illinois corporation with its principal place of business in this District. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); Exhibit C.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) and (c)(2) because Waters resides in this District.

## THE PLAINTIFF'S LIGHTED HATS

11. Plaintiff's WeiXiang store sold the Lighted Hats listing under ASIN B0DC6DS8H5.

12. On or about September 11, 2026, Amazon notified Plaintiff that it had removed ASIN B0DC6DS8H5 because of alleged infringement of the '035 Patent (Complaint ID 21624976701). The notice identifies the rights owner as PANTHER VISION, with the e-mail address Josh@PANTHERVISION.COM. Exhibit A.

13. Amazon is Plaintiff's primary sales channel in the United States, and Plaintiff cannot compete in the United States market for Lighted Hats without its Amazon listing. Waters' report has cut Plaintiff off from that channel and continues

to cause immediate and irreparable harm.

## U.S. PATENT NO. 11,478,035

14. The ’035 Patent, entitled “Lighted Headgear and Accessories Therefor,” issued on October 25, 2022 and names Michael Waters as applicant and inventor. Exhibit B.

15. Michael Waters assigned the ’035 Patent to Waters on August 5, 2023. Exhibit C.

16. The abstract describes the invention as follows: “*Lighted headgear are provided that include removable self-contained light modules. The self-contained light modules can include a housing that contains one or more light sources and a rechargeable power source. The housing may include a protruding engagement portion for removably securing the self-contained light module to a cap portion of the lighted headgear*.” Exhibit B, Abstract.

17. The ’035 Patent has one independent claim, claim 1, and five dependent claims, each directed to lighted headgear.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’035 PATENT)

18. Plaintiff incorporates the foregoing paragraphs by reference.

19. Waters’ report to Amazon that the Lighted Hats infringe the ’035 Patent creates an actual, continuing, and justiciable controversy over whether they do.

20. The Lighted Hats do not infringe any claim of the ’035 Patent because they lack at least one limitation of claim 1, the sole independent claim.

21. Claim 1 requires that “the self-contained light module is slidable in a first direction to form a friction-fit engagement between the housing and the cap to secure the self-contained light module to the cap, and is slidable in a second direction opposite the first direction to remove the self-contained light module from the cap,” and further requires that the module be removably securable in first and second forward-facing orientations rotated 180 degrees from one another. Exhibit B, 43:22–44:3. The Lighted Hats do not employ the claimed sliding engagement between the module housing and the hat. Instead, the module is retained within an elastic rubber ring that is deformed to receive and release the module and that surrounds a peripheral coupling surface of the module when installed. Thus, retention of the accused module does not result from sliding the housing in one direction relative to the hat to form the claimed engagement and sliding it in the opposite direction to remove the module.

22. The specification illustrates one clip-on embodiment in which the housing “includes an integral slide clip mechanism with spaced upper and lower portions 466, 468 connected by a transverse neck portion 470 to define a gap or mouth 462 therebetween that is sized to receive the brim 16 therein.” Exhibit B, 15:52–60; see also *id.* at 16:36–51 (“The mouth 462 is configured to slidably receive the brim 16 therein.”); FIGS. 21–22. In that embodiment, spaced portions of the housing define a mouth that receives a portion of the cap between opposed housing

surfaces. By contrast, Plaintiff's module is retained by an elastic ring that surrounds and engages a continuous peripheral coupling surface of the module; no portion of the hat is received between opposed cap-engaging surfaces of the module housing.




FIG.21




FIG.22

'035 Patent, FIGS. 21-22 (Exhibit B, Sheet 16): clip-on module 450 slid onto brim 16; mouth 462 between upper and lower portions 466, 468.



Plaintiff's Lighted Hats (ASIN B0DC6DS8H5): brimless knit beanie with the light module seated in the cuff.

23. The Lighted Hats also lack a housing having "opposite first and second cap-engaging walls each configured for engagement with the cap." The accused light-module housing presents a continuous peripheral coupling surface that is surrounded and engaged by the elastic rubber ring when the module is installed. It does not employ a pair of opposed housing walls that engage opposite portions of the

hat, and no portion of the hat is received between opposed cap-engaging walls of the module housing. Rather, the elastic rubber ring surrounds the module from the outside and engages its peripheral coupling surface.

24. For the same reason, the Lighted Hats also lack the arrangement recited in claim 6, which requires first and second cap-engaging walls to engage opposite upper and lower mounting surfaces of the cap and to exchange those engagements when the module is rotated 180 degrees. The Lighted Hats instead use a single continuous coupling surface engaging the single continuous inner surface of the elastic rubber ring. Because claim 1 is not infringed, dependent claims 2 through 6 are not infringed. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989).

25. Waters' assertion of the '035 Patent against the Lighted Hats through its Amazon infringement report, and the continuing removal of Plaintiff's listing resulting from that report, create an actual and continuing controversy between the parties.

26. Plaintiff is entitled to a declaration that the Lighted Hats do not infringe any claim of the '035 Patent, directly or indirectly, literally or under the doctrine of equivalents.

**COUNT II**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '035 PATENT)**

27. Plaintiff incorporates the foregoing paragraphs by reference.

28. Waters' assertion of the '035 Patent against the Lighted Hats likewise creates an actual, continuing, and justiciable controversy over the validity of the '035 Patent.

29. Claims 1 through 6 of the '035 Patent are invalid under 35 U.S.C. § 103 in light of at least the prior art and combinations identified below.

30. U.S. Patent No. 7,163,309 ("Sohn '309"), entitled "Clip type light emitter" and naming Dae Up Sohn as inventor, was filed on June 23, 2006 and issued on January 16, 2007. Exhibit D.

31. U.S. Patent No. 7,427,149 ("Sohn '149"), entitled "Clip type light detachably coupled with cap" and naming Dae Up Sohn as inventor, was filed on January 8, 2007 and issued on September 23, 2008. Exhibit E.

32. U.S. Patent No. 5,541,816 ("Miserendino '816"), entitled "Clip light source" and naming Nicholas G. Miserendino as inventor, was filed on June 7, 1995 and issued on July 30, 1996. Exhibit F.

33. During prosecution of the application that issued as the '035 Patent, the Examiner repeatedly found that Sohn '149 disclosed the principal limitations of the claimed clip-on light module. In the October 14, 2021 Office Action, the Examiner rejected then-pending claims 1–7, 9–11, and 19–23 under pre-AIA 35 U.S.C. § 102(b) as anticipated by Sohn '149. As relevant here, the Examiner found that Sohn '149 disclosed a self-contained light module having a rechargeable power source; sliding in a first direction to form a friction-fit engagement with a cap and in the opposite direction for removal; first and second forward-facing orientations

rotated 180 degrees from one another; friction-fit engagement in either orientation; a pushbutton switch; and a protruding engagement portion forming the friction-fit engagement. Exhibit G.

34. The Examiner maintained those findings in the March 7, 2022 Final Office Action, including after Applicant disputed whether Sohn ’149 disclosed the claimed 180-degree reversible orientations. The Examiner separately identified then-pending claim 24 as containing allowable subject matter: “opposite first and second cap-engaging walls each configured for engagement with the cap when the self-contained light module is secured to the cap.” Exhibit H.

35. In its June 7, 2022 Amendment After Final, Applicant amended independent claim 19 to incorporate the allowable limitation of claim 24 requiring “opposite first and second cap-engaging walls each configured for engagement with the cap when the self-contained light module is secured to the cap.” Applicant stated that claims 19 and 21 through 23 stood rejected as anticipated by Sohn ’149 and that those rejections were rendered moot by amending independent claim 19 to include the allowable subject matter of claim 24. Exhibit I.

36. The Examiner thereafter allowed the claims, explaining that independent claim 19 had been amended to recite the limitations of allowable dependent claim 24 and that claim 19 and the claims depending from it were therefore in condition for allowance. Exhibit J.

37. Claims 1 through 6 of the ’035 Patent are obvious over Sohn ’149 in view of Miserendino ’816. Sohn ’149 teaches a self-contained, rechargeable light

module that is slidably and reversibly secured to a cap. Miserendino ’816 teaches a known opposed, biased clip arrangement having first and second prongs that engage opposite sides of a hat brim. A person of ordinary skill in the art would have had reason to incorporate Miserendino ’816’s opposed biased-prong arrangement into Sohn ’149’s brim-engagement structure to provide secure, releasable engagement on opposite sides of the brim while retaining Sohn ’149’s reversible sliding attachment, using familiar mechanical elements according to their known functions and producing predictable results.

38. Sohn ’149 in view of Miserendino ’816 renders claim 1 obvious. Sohn ’149 discloses the removable, rechargeable, sliding, and reversible light module, while Miserendino ’816 discloses opposed brim-engaging prongs; combining those known structures would have yielded the claimed opposite cap-engaging walls.

39. Claim 2 is likewise obvious. The Examiner found that Sohn ’149 discloses first and second forward-facing orientations rotated 180 degrees from one another and that the housing forms the friction-fit engagement in either orientation. Sohn ’149 therefore teaches forming the friction-fit engagement in both the first and second forward-facing orientations. Exhibits G–H.

40. Claim 3 is likewise obvious because Sohn ’149 discloses pushbutton switch 140 and a rechargeable battery. Exhibit E, 4:45–67; 6:7–13; Exhibits G–H.

41. Claim 4 is likewise obvious. Sohn ’149 discloses protruding clip structures that form the friction-fit engagement with the cap. In the combination described above, Miserendino ’816’s opposed biased prongs provide the opposite cap-

engaging walls, and those protruding prongs form the friction-fit engagement with opposite sides of the brim. The resulting structure therefore includes opposite cap-engaging walls comprising protruding engagement portions that form the friction-fit engagement.

42. Claim 5 is likewise obvious. Miserendino ’816 teaches an opposed, generally U- or V-shaped clip arrangement in which first and second biased prongs extend along opposite sides of the brim and define the brim-receiving space between them. When that opposed clip arrangement is incorporated into Sohn ’149’s housing as described above, the resulting opposite cap-engaging walls extend along the intervening brim-receiving cavity of the housing.

43. Claim 6 is likewise obvious. Sohn ’149 teaches that the light module may be secured to the cap in first and second forward-facing orientations rotated 180 degrees from one another. In the combination described above, Miserendino ’816’s opposed engagement surfaces provide the first and second cap-engaging walls on opposite sides of the brim. When the combined module is secured in the first orientation, one wall engages the upper surface of the brim and the opposite wall engages the lower surface; when the module is rotated 180 degrees into the second forward-facing orientation, those engagements are reversed.

44. Plaintiff is entitled to a declaration that claims 1 through 6 of the ’035 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Preliminarily and permanently enjoin Waters to withdraw every Amazon infringement complaint lodged against the Lighted Hats under the ’035 Patent and to lodge no further such complaint;

B. Declare that the Lighted Hats do not infringe any claim of the ’035 Patent;

C. Declare that claims 1 through 6 of the ’035 Patent are invalid;

D. Find this case exceptional under 35 U.S.C. § 285 and award Plaintiff its costs, expenses, and reasonable attorney fees; and

E. Grant such other relief as the Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: September 30, 2026

Respectfully submitted,

/s/ Wei Wang

Wei Wang
Tao Liu
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
wei.wang@glacier.law
tao.liu@glacier.law

Counsel for Plaintiff Harbin Weixiang Toys Co., Ltd. d/b/a WeiXiang store